IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 DEC 19 AM 11 49
STEPHAN HARRIS, CLERK
CHEYENNE

PATRICIA RILEY,

Plaintiff,

v.

Case No. 13-CV-173-J

UNIFIED CARING ASSOCIATION, a Missouri corporation, UNITED STATES FIRE INSURANCE COMPANY, d/b/a FAIRMONT SPECIALTY, a Delaware corporation, HEALTH OPTION ONE, INC., a Florida corporation,

Defendants.

---

**OPINION AND ORDER GRANTING DEFENDANT HEALTH OPTION ONE, INC.'S MOTION FOR SUMMARY JUDGMENT
AND
OPINION AND ORDER GRANTING DEFENDANTS UNIFIED CARING ASSOCIATION'S AND UNITED STATES FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

---

The following have come before the Court for consideration: Defendant Health Option One, Inc.'s Motion for Summary Judgment and Request for Hearing (Doc. No. 69) and Plaintiff's response (Doc. No. 87); Defendant Health Option One, Inc.'s Objection to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 89), and Plaintiff's response (Doc. No. 91); and

1

Defendants Unified Caring Association's and United States Fire Insurance Company's Motion for Summary Judgment and Request for Hearing (Doc. No. 97), and Plaintiff's response (Doc. No. 102). After reviewing the parties' submissions, the arguments of counsel at the hearing held on November 14, 2014, the applicable law, and being fully advised, the Court finds that Defendant Health Option One, Inc.'s Motion for Summary Judgment (Doc. No. 69) should be **GRANTED** and that Defendants Unified Caring Association's and United States Fire Insurance Company's Motion for Summary Judgment (Doc. No. 87) should be **GRANTED**.

## BACKGROUND

On August 16, 2013, Plaintiff Patricia Riley filed a Complaint alleging a breach of the implied duty of good faith and fair dealing, fraud, and a claim for statutory attorney's fees against Unified Caring Association (UCA) and United States Fire Insurance Company (USFIC). Doc. No. 1. On September 17, 2013, Defendant UCA filed an Answer generally denying Plaintiff's claims and asserting numerous affirmative defenses. Doc. No. 12. On September 18, 2013, Defendant USFIC filed an Answer generally denying Plaintiff's claims and asserting numerous affirmative defenses. Doc. No. 13.

On February 21, 2014, Plaintiff filed a motion for joinder of a necessary defendant. Doc. No. 24. Plaintiff sought to join Health Option One, Inc. (HOO). *Id.* Plaintiff's motion was granted. Doc. No. 25. On February 26, 2014, Plaintiff filed an Amended Complaint adding HOO as a defendant and alleged a breach of the implied duty of good faith and fair dealing, fraud, and a claim for statutory attorney's fees against Defendants UCA, USFIC, and HOO. Doc. No. 26. On March 6, 2014, both Defendant

2

UCA and Defendant USFIC filed an Answer generally denying Plaintiff's claims and asserting numerous affirmative defenses. Docs. No. 27, 28. On April 23, 2014, Defendant HOO filed an Answer generally denying Plaintiff's claims and asserting numerous affirmative defenses. Doc. No. 35.

Defendant HOO filed a motion for summary judgment on July 9, 2014. Doc. No. 69. On July 14, 2014, Plaintiff filed a "Rule 56(D) Motion to Deny Defendant Health Option One, Inc.'s Motion for Summary Judgment and Motion for Sanctions." Doc. No. 71. Plaintiff asked the Court to deny Defendant HOO's motion for summary judgment as premature and to award attorney's fees. *Id.* Defendant HOO filed an opposition to the motion, and Plaintiff filed a reply. Docs. No. 73, 74. On September 3, 2014, this Court denied Plaintiff's motion. Doc. No. 81. On September 15, 2014, Plaintiff responded to Defendant HOO's motion. Doc. No. 87. Defendant HOO then filed an "Objection to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment." Doc. No. 89. Plaintiff responded to that objection on October 1, 2014. Doc. No. 91.

On October 3, 2014, Defendants UCA and USFIC filed a Motion for Summary Judgment. Doc. No. 97. Plaintiff responded to that motion on October 15, 2014. Doc. No. 102.

On October 20, 2014, Plaintiff filed a "Motion for Leave to File Second Amended Complaint and Jury Demand." Doc. No. 108. Plaintiff concedes that her claims for the breach of the duty of good faith and fair dealing and statutory attorney's fees do not lie against Defendants HOO or UCA. *Id.* Plaintiff sought to amend her Complaint to plead

3

fraud with more particularity against all Defendants. *Id.* Defendants responded to Plaintiff's motion on November 3, 2014. Docs. No. 111, 112. Plaintiff filed replies to the responses on November 6, 2014. Docs. No. 114, 115. Plaintiff's motion for leave to file a second amended complaint was denied. Doc. No. 116.

A hearing was held regarding the motions for summary judgment on November 14, 2014. Following the hearing, the Court took the motions under advisement. The Court finds that these matters are fully briefed and are ripe for disposition.

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if under the substantive law it is essential to the proper disposition of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." *Anderson*, 477 U.S. at 255.

The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. *Lynch v. Barrett*, 703 F.3d 1153, 1158 (10th Cir. 2013). The moving party can satisfy this burden by either (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim, or

(2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B).

Once the moving party satisfies this initial burden, the nonmoving party must support its contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. *See id.* The nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive a summary judgment motion, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, when opposing summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. *See Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th Cir. 2009).

When considering a motion for summary judgment, the court's role is not to weigh the evidence and decide the truth of the matter, but rather to determine whether a genuine dispute of material fact exists for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact-finder, not the court. *Id.* at 255.

## DISCUSSION

The pertinent facts are as follows: On November 1, 2006, Defendant USFIC entered into an agreement with United Health Programs of America and Patriot Health.

Under the agreement, Patriot Health was to "solicit and service" the USFIC limited medical indemnity plan. Patriot Health was responsible for marketing material creation and distribution, sub-producer management, and call center management for Defendant USFIC. Additionally, Patriot Health was responsible for marketing and soliciting USFIC plans sold through memberships with Defendant Unified Consumer Awareness Association (now called UCA).

On December 1, 2009, Defendant UCA entered into an agreement with Patriot Health whereby Patriot Health was responsible for "acting as agent for group insurance policies and marketing products" and to "market association memberships that include insurance and other benefits." Doc. No. 102. Patriot Health then retained Defendant HOO to sell the UCA memberships and the USFIC limited medical indemnity plan. Defendant HOO sub-contracts some of its work to United Healthcare Solutions (UHS). Patriot Health and Defendant USFIC drafted sales scripts for Defendant HOO's sales agents and subagents to use during the sale of the UCA memberships. All of the marketing materials used to sell the UCA memberships and the USFIC limited medical indemnity plans were reviewed and approved by Defendant USFIC.

In the spring of 2012, Plaintiff lost coverage under her employer provided health insurance policy when she was terminated from her custodial position with the school district. Not long after Plaintiff's termination, she went back to work with the school district as a bus driver. In her new part-time position, Plaintiff was ineligible for the school district's health insurance plan.

On March 9, 2012, Plaintiff was contacted by LeSean Frazier, an agent of UHS. The record is unclear regarding how or why Fraizer contacted Plaintiff.[1] Plaintiff does not remember any specific representations made to her during this call. Doc. No. 69-5, p. 8–11 ("I can't remember what he told me"). The sales portion of the call was not recorded.

After speaking with Frazier and agreeing to purchase the "Platinum Series Benefit Plan," Plaintiff spoke to a different woman during the verification portion of the call. This portion of the call was recorded and transcribed. At her deposition, Plaintiff testified that the transcribed record accurately reflects what was said during the verification portion of the call. Doc. No. 65-9, p. 24–27. During that portion of the call, Plaintiff was asked "Do you understand that your association insurance is not major medical insurance, the package is a limited medical indemnity plan? This means that the package pays preset amounts for accident or sickness according to the package benefits and limits . . . ." Doc. No. 69–6, p. 29. To which Plaintiff responded "Yes." *Id.* The plan Plaintiff purchased included a benefit of $250 per day "when as a result of a

---

[1] In her First Amended Complaint Plaintiff alleged that she "saw an advertisement on television purporting to sell health insurance. Plaintiff called the advertised phone number and spoke with an insurance agent employed by Defendant Health Option One, Inc." Doc. No. 26. By the time Plaintiff responded to the motions for summary judgment, she appears to have changed her story and omits any reference to the alleged television advertisement. *See* Doc. No. 87, 102.

7

Covered Injury or Sickness a Covered Person is confined in a Hospital (semi-private room)." Doc. No. 98-1, p. 96.

Shortly after Plaintiff enrolled in the UCA plan, she received a welcome letter, a brochure, and two cards in the mail. The brochures and cards contained numerous disclaimers regarding her limited medical indemnity plan. Plaintiff read these documents. Plaintiff did not receive a copy of her contract. However, the welcome letter explained that complete membership materials were available by registering at "fulfillment.mymemberino.com."

On September 5, 2012, Plaintiff suffered acute appendicitis. Plaintiff underwent an emergency appendectomy. Plaintiff incurred hospital, surgical, and imaging bills in excess of $21,000.00. Plaintiff's health care providers submitted the bills to USFIC's claims administrator. USFIC's claims adjuster applied a provider discount to certain bills but did not pay Plaintiff or any of her providers for the medical bills she incurred as a result of her emergency surgery.

Plaintiff was informed that the bill from Evanston Regional Hospital was denied because her hospital stay and surgery were considered outpatient. Plaintiff's limited medical indemnity plan provided the following: "Coverage is provided for room, board, miscellaneous medical Hospital charges, and general nursing services for each day a Covered Person is Confined to a Hospital due to Injury or Sickness during a Period of Confinement." Doc. No. 98-4, p. 16. The plan defined "Confined/Confinement" as "the Medically Necessary admission to, and subsequent continued stay in, a Hospital as an overnight bed patient and a charge for room and board is made." *Id.* at 11. The Evanston

8

Regional Hospital bill did not contain a charge for hospital admission, an overnight bed, or room and board. Furthermore, the standard insurance claim form submitted by the hospital did not contain such as charge. Based on the charges in the bill and the standard insurance claim form, Defendant USFIC denied payment of the $250 benefit.

I. **Fraud**

The first question the Court must address is whether there is a genuine dispute of material fact in Plaintiff's claim of fraud against each of the Defendants. All three Defendants moved for summary judgment on Plaintiff's fraud claims. Under Wyoming law, "[t]he elements of a claim for relief for fraud are a false representation made by the defendant which is relied upon by the plaintiff to his damage, the asserted false representation must be made to induce action, and the plaintiff must reasonably believe the representation to be true." *White v. Shane Edeburn Const., LLC*, 2012 WY 118, ¶ 26, 285 P.3d 949, 957 (Wyo. 2012) (quoting *Osborn v. Emporium Videos*, 870 P.2d 382, 383 (Wyo. 1994)) (internal quotation marks omitted). "Fraud must be established by clear, unequivocal and convincing evidence, and will never be presumed." *Shane Edeburn Const., LLC*, 2012 WY 118 at ¶ 26, 285 P.3d at 957 (quoting *Osborn*, 870 P.2d at 837) (internal quotation marks omitted).

In her First Amended Complaint, Plaintiff alleged the following false representations: "The television advertisement falsely purported to be selling real health insurance," and "During the sales call with Plaintiff, Defendant [HOO] perpetuated the false impression that the . . . product was real health insurance." Doc. No. 26. In their respective motions, Defendants argue that Plaintiff has not made a sufficient showing to

establish that a false representation was made and that Plaintiff relied on the false representation.

In regard to the alleged television advertisement, Defendant HOO argues that Plaintiff has been unable to provide any specific information about the advertisement and during her deposition she could not recall what the advertisement said. Doc. No. 70. In her responses to Defendants' motions for summary judgment, Plaintiff abandoned the television advertisement theory. As explained above, Defendants have the burden of establishing the nonexistence of a genuine dispute of material fact. *See Lynch*, 703 F.3d at 1158. Once Defendants satisfy this initial burden, Plaintiff must support her contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1)(A)-(B). Defendants have met their initial burden and Plaintiff has failed to support her contention regarding the alleged television advertisement. Accordingly, the Court finds there is no genuine dispute of material fact for trial that Defendants made a false representation in the alleged television advertisement.

In regard to the sales call, Defendants USC and USFIC argue that Plaintiff "has not produced any evidence of an actual misrepresentation made to her." Doc. No. 98, p. 16. Plaintiff focuses her responses on a "sales script" that "Patriot Health and USFIC drafted . . . for the [HOO] sales agents and subagents to use for purposes of selling the UCA membership." *See* Docs. No. 87, 102. Plaintiff argues that "Defendants' sales script was replete with misrepresentations." Docs. No. 102, p. 14.

establish that a false representation was made and that Plaintiff relied on the false representation.

In regard to the alleged television advertisement, Defendant HOO argues that Plaintiff has been unable to provide any specific information about the advertisement and during her deposition she could not recall what the advertisement said. Doc. No. 70. In her responses to Defendants' motions for summary judgment, Plaintiff abandoned the television advertisement theory. As explained above, Defendants have the burden of establishing the nonexistence of a genuine dispute of material fact. *See Lynch*, 703 F.3d at 1158. Once Defendants satisfy this initial burden, Plaintiff must support her contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1)(A)-(B). Defendants have met their initial burden and Plaintiff has failed to support her contention regarding the alleged television advertisement. Accordingly, the Court finds there is no genuine dispute of material fact for trial that Defendants made a false representation in the alleged television advertisement.

In regard to the sales call, Defendants USC and USFIC argue that Plaintiff "has not produced any evidence of an actual misrepresentation made to her." Doc. No. 98, p. 16. Plaintiff focuses her responses on a "sales script" that "Patriot Health and USFIC drafted . . . for the [HOO] sales agents and subagents to use for purposes of selling the UCA membership." *See* Docs. No. 87, 102. Plaintiff argues that "Defendants' sales script was replete with misrepresentations." Docs. No. 102, p. 14.

Plaintiff's motion to amend her First Amended Complaint to add references to the "sales script" was denied and the Court need not address the arguments related to the "sales script" here. Doc. No. 108. However, even if the Court were to consider the arguments related to the "sales script," Plaintiff's use of it as evidence of a false representation made by Defendants upon which she relied is fatally flawed.

Plaintiff presented no evidence that the alleged false representations in the "sales script" were made during the March 9, 2012 call. Plaintiff's only connection between the "sales script" and the March 9, 2012 call is the testimony of Stuart Reben. When asked, "Does Health Option One have sales scripts for its agents to use on the sales pitch?" Reben testified, "Yes. We have them. We use them." Doc. No. 87-2, p.12. Based on this evidence, no reasonable juror could find by clear, unequivocal, and convincing evidence that the allegedly false representations in the "sales script" were actually made during the March 9, 2012 call.

Moreover, Plaintiff presented no evidence that she relied upon allegedly false representations in the "sales script." Plaintiff merely argues that she "relied on them to be honest." Docs. No. 87, 102. Plaintiff's reliance, however, must be on the specific false representation. *See White*, 2012 WY 118, ¶ 26, 285 P.3d at 957 ("a false representation made by the defendant which is relied upon by the plaintiff to his damage"). When Counsel for Defendant HOO asked Plaintiff during her deposition, "So what misrepresentation are you suing my client about?" Plaintiff responded, "I have no idea." Doc. No. 70, p. 8. No reasonable juror could find that Plaintiff relied upon the allegedly false representations contained in the "sales script."

Plaintiff presented no other evidence of a false representation made by any Defendant. Plaintiff failed to make a showing sufficient to establish the existence of the first element of her claim of fraud. Accordingly, the Court finds there is no genuine dispute of material fact regarding the first element of Plaintiff's claim of fraud.

Defendants also argue Plaintiff cannot make a showing sufficient to establish the existence of the third element of a claim of fraud. Additionally, Plaintiff argues at length that the duty to read does not apply to a claim of fraud. Because the Court finds that Plaintiff failed to support her contention that there is a genuine dispute of material fact in the first element of her fraud claim, the Court need not address these arguments.

Plaintiff makes many other arguments and attempts to relate them to the tort of fraud. *See* Doc. No. 87, 102. For example, Plaintiff asserts that Defendants engaged in deceptive and misleading sales practices in violation of the Wyoming Insurance Code and that limited medical indemnity plans are "a red flag for consumer fraud."[2] Docs. No. 87, 102. The problem with Plaintiff's arguments is that these alleged wrongs cannot be redressed by the cause of action alleged in the present case.

---

[2] Defendant HOO filed an "Objection to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment" objecting to the use of newspaper articles, journals, and excerpts of Congressional Committee Hearings cited by Plaintiff. Doc. No. 89. Plaintiff responded to that objection. Doc. No. 102. The Court agrees with Defendant HOO that the articles, journals, and excerpts are irrelevant to the issues presented by this particular case.

Plaintiff did not allege a violation of the Wyoming Insurance Code. Even if she had, it is not clear that she could assert a private right to enforce those provisions of the Wyoming Insurance Code and related regulations. *See Herrig v. Herrig*, 844 P.2d 487, 494 (Wyo. 1992) ("The Wyoming Insurance Code is a comprehensive enactment for the regulation of the insurance industry. The insurance commissioner is charged with the responsibility of enforcing the provisions of the Code. . . . Absent an express provision to the contrary, we do not believe that the Wyoming Legislature intended for the Code to also be enforce by private action." (citations omitted)). Furthermore, resolving general issues related to limited medical indemnity plans is a function better left to the legislature.

The Court agrees with Defendants UCA and USFIC that these arguments "do nothing more than detract from the real issues in the case." Doc. No. 98. The real issues in this case concern whether Plaintiff has made a showing sufficient to establish the existence of every element of her fraud claim on which she will bear the burden of proof at trial. The Court finds that Plaintiff has not made such as showing with regard to the first element of her fraud claim; and therefore, Defendants HOO, UCA, and USFIC are entitled to judgment as a matter of law.

### B. First-Party Insurance Bad Faith

The second question the Court must address is whether there is a genuine dispute of material fact in Plaintiff's claim for breach of the implied duty of good faith and fair dealing. Plaintiff concedes that her claim for breach of the implied duty of good faith and fair dealing does not lie against either Defendant HOO or Defendant UCA. Docs. No.

13

87, 102. Accordingly, Plaintiff's claim for breach of the implied duty of good faith and fair dealing lies only against Defendant USFIC.

Plaintiff's claim is best characterized as a bad faith denial of benefits. *See* Doc. No. 102, p. 25 ("USFIC unreasonably denied [Plaintiff's] claim for benefits"). To prevail in such an action, the plaintiff must prove (1) that there was a policy of insurance; (2) that the plaintiff was an insured under the policy and was entitled to claim benefits directly under the policy; (3) that the insurer denied payment of benefits that were owed to the Plaintiff under the policy without a reasonable basis for doing so; (4) that the conduct of the insurer caused the Plaintiff damages; and (5) that the insurer acted with knowledge of, or in reckless disregard of, the absence of a reasonable basis to deny payment of benefits. *E.g., Cathcart v. State Farm Mut. Auto. Ins., Co.*, 2005 WY 154, ¶ 25, 123 P.3d 579, 589 (Wyo. 2005); *McCullough v. Golden Rule Ins. Co.*, 789 P.2d 855, 860–61 (Wyo. 1990). As the Wyoming Supreme Court explained, "the appropriate test to determine bad faith is the objective standard that the validity of the denied claim was not 'fairly debatable.'" *Hulse v. First American Title Co. of Crook Cnty.*, 2001 WY 95, ¶ 49, 33 P.3d 122, 137 (Wyo. 2001) (citing *McCullough v. Golden Rule Ins. Co.*, 789 P.2d 855 (Wyo. 1990)). "The validity of a claim is fairly debatable if a reasonable insurer would have denied . . . payment of benefits under the facts and circumstances." *Gainsco Ins. Co. v. Amoco Production Co*, 2002 WY 122, ¶ 14, 53 P.3d 1051, 1058 (Wyo. 2002).

Here, Defendant USFIC argues its denial of Plaintiff's claim for hospital benefits was not unreasonable. Doc. No. 98. Defendant USFIC points out that the policy defined confinement as "The Medically Necessary admission to, and subsequent continued stay

in, a Hospital as an overnight bed patient and a charge for room and board is made." Defendants argue Plaintiff was only in the hospital for approximately twelve hours and was not admitted as an overnight bed patient. Furthermore, the hospital did not submit a claim with a charge for room and board.

In response, Plaintiff argues that she was never provided with the insurance policy and was only given the brochure. Plaintiff states that the brochure describes the hospital confinement benefit applying "when as the result of a Covered Injury or Sickness a Covered Person is confined in a Hospital (semi-private room)." Finally, Plaintiff asserts that an insurance contract must be strictly construed against the insurance company and "[a]ny reasonable person would expect [Plaintiff's] experience to fall under 'hospital confinement' as described in the Insurance Benefits brochure." Doc. No. 102.

Plaintiff was not provided the insurance policy, but she testified that she could have accessed it. Doc. No. 98-1, p. 59. Moreover, the same term—"confinement"—is used both in the brochure and the policy. Plaintiff does not dispute that a charge for room and board was not made. No reasonable juror could resolve the question of whether the hospital confinement benefit was unreasonably denied in favor of Plaintiff. Accordingly, the Court finds that Defendant USFIC is entitled to judgment as a matter of law on Plaintiff's claim for breach of the implied duty of good faith and fair dealing.

C. Statutory Attorney's Fees

The final question the Court must address is whether there is a genuine dispute of material fact in Plaintiff's claim for statutory attorney's fees. Plaintiff concedes that her claim for statutory attorney's fees does not lie against either Defendant HOO or

15

Defendant UCA. Docs. No. 87, 102. Accordingly, Plaintiff's claim for statutory attorney's fees lies only against Defendant USFIC.

In pertinent part, Wyo. Stat. Ann. § 26-15-124 provides the following:

> if it is determined that the company refuses to pay the full amount of a loss covered by the policy and that the refusal is unreasonable or without cause, any court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest.

The Wyoming Supreme Court has stated, "The statute complements and enforces the duty of good faith and fair dealing that an insurer owes to its insured." *Stewart Title Guar. Co. v. Tilden*, 2005 WY 53, ¶ 19, 110 P.3d 865, 873 (Wyo. 2005) (quoting *Herrig*, 844 P.2d at 495).

The question here is essentially the same as the question in Plaintiff's breach of the implied duty of good faith and fair dealing claim against Defendant USFIC. As explained above, the Court finds there is no genuine dispute of material fact that Defendant USFIC unreasonably denied Plaintiff's claim for benefits. Accordingly, the Court finds that Plaintiff cannot recover under Wyo. Stat. Ann. § 26-15-124 for the same alleged conduct. Defendant USFIC is thus entitled to judgment as a matter of law on Plaintiff's claim for statutory attorney's fees.

## CONCLUSION

Plaintiff brought a claim of fraud against Defendants HOO, UCA, and USFIC. All three Defendants moved for summary judgment on Plaintiff's fraud claim. The Court finds there is no genuine dispute of any material fact in the first essential element of Plaintiff's fraud claim, namely, that Plaintiff failed to identify a false representation upon

which she relied. Therefore, Defendants HOO, UCA, and USFIC are entitled to judgment as a matter of law on Plaintiff's fraud claim.

Plaintiff concedes that her claim for breach of the implied duty of good faith and fair dealing only applies to Defendant USFIC. Defendant USFIC moved for summary judgment on Plaintiff's claim. The Court finds there is no genuine dispute of any material fact that Defendant USFIC unreasonably denied Plaintiff's claim for benefits. Therefore, Defendant USFIC is entitled to judgment as a matter of law on Plaintiff's claim for breach of the implied duty of good faith and fair dealing.

Finally, Plaintiff also concedes that her claim for statutory attorney's fees, pursuant to Wyo. Stat. Ann. § 26-15-124, only applies to Defendant USFIC. Defendant USFIC moved for summary judgment on Plaintiff's claim. The Court finds there is no genuine dispute of any material fact that Defendant USFIC unreasonably denied Plaintiff's claim for benefits. As a result, Defendant USFIC is entitled to judgment as a matter of law on Plaintiff's claim for statutory attorney's fees. Accordingly, it is therefore

**ORDERED** that the Defendant Health Option One, Inc.'s motion (Doc. No. 69) asking the Court to grant summary judgment dismissing all claims with prejudice shall be, and is, **GRANTED. It is further**

**ORDERED** that the Defendants Unified Caring Association's and United States Fire Insurance Company's motion (Doc. No. 97) asking the Court to grant summary judgment dismissing all claims with prejudice shall be, and is, **GRANTED.**

Dated this 18th day of December 2014.

Alan B. Johnson
United States District Judge